WILLIAM BURLINGAME *v.* SAMUEL J. BROWN & others.

Where a claim against the estate of a deceased person, represented to be insolvent, has been, by the claimant, presented for allowance to the commissioners appointed upon the estate, and has been by them, upon the objection of the personal representative of the deceased, rejected, for want of proof, such rejection, when confirmed by the allowance of the report of the commissioners by the court of probate appointing them, is conclusive against the claim, unless a suit therefor be brought at common law, with the diligence required by the statute; and if such suit be dismissed by the court in which it is brought, for want of such diligence, the adjudication of the commissioners will bar all action upon the claim against the heirs or devisees of the deceased.

ASSUMPSIT against the defendants, as devisees of their father, Henry Brown, late of Scituate, deceased, for a balance of $870.81, for services rendered in the family, and during the last sickness of the testator.

Plea, in substance, that the administrator, with the will annexed, upon the estate of the testator, having represented the same to be insolvent, the claim sued was, on the 9th day of April, 1855, presented by the plaintiff to the commissioners appointed upon said estate, for allowance, and that no proof of the claim having been submitted to the commissioners, the same was, upon the objection of the administrator to its allowance, rejected; that the report of the commissioners, rejecting the said claim, was, by the court of probate, allowed and ordered to be recorded; that although the plaintiff, on the 12th day of June, 1855, and within twenty days of the allowance of said report, gave notice in writing, in the probate court, of his intention to have the same determined at the common law, he allowed two terms of court, to wit, the September term of the supreme court, and the December term of the court of common pleas, for the county of Providence, in the year 1855, to pass, without prosecuting his said claim, and brought no suit to enforce the same, until the March term of the supreme court for the county of Providence, 1855; when, having, at that term, impleaded the administrator of said Henry Brown in an action of the case for promises, brought upon said claim, upon trial of said action, judgment thereon was rendered in favor of said administrator;

and that said adjudication of said claim by said commissioners and said court is final, and a bar to further action upon said claim.

General demurrer and joinder.

*Brown & Van Slyck*, for the defendants :—

1st. The proceedings set forth in the plea demurred to are in the nature of a judgment, and preclude any further legal proceedings on the plaintiff's claim.   6 Pet. 698; 3 B. & Ad. 271; 24 Vt. 475 ; Statute in relation to insolvent estates of deceased persons, Digest of 1844, p. 254.

2d. The fact that the court which rendered the judgment was one of peculiar construction and jurisdiction, does not detract from the validity of the judgment; for the decisions of such tribunals are as binding and conclusive as those of any other. 1 Johns. Ch. 543 ; 11 Serg. & R. 429.   This applies even to ecclesiastical courts ; and it may be remarked, that ecclesiastical courts were the ones that, under the English law, had jurisdiction of probate matters.   5 Johns. Ch. 343, and cases there cited.

3d. The commissioners' court is not only a statutory court, competent to try the questions raised by plaintiff's claim, but it has exclusive jurisdiction.   See statute above referred to.

4th. But the judgment is also the judgment of the probate court.   See same statute.

5th. The construction contended for by the plaintiff must prevail, else real estate may be made liable for debts which the personal should have paid ; such would be the result in the present case.

6th. Any different construction would be against the policy of the law, as prohibiting multiplicity of suits.

*Hart*, for plaintiff:—

1st. The judgment against the plaintiff, in favor of the administrator, set forth in the defendant's plea, was not a judgment upon the merits, and cannot be a bar to this suit against heirs.

2d. The statute makes a failure to make out claims before commissioners at common law, or before referees, a bar to any further action against executors and administrators only ; but

not a bar to further action against *them,* if there be personal estate remaining in their hands upon settlement of accounts with the court. Digest, 1844, p. 255, § 10.

3d. The real estate is always liable for debts which the personal is insufficient to pay; and the personal being insufficient, nothing, certainly, but a judgment in favor of the administrator, upon the merits, can bar a suit against the heirs. See Digest, 1844, p. 239, § 4.

Bosworth, J. Upon the pleadings in this case, it appears, that there is a judgment against the plaintiff upon the claim sued; and, in our opinion, this judgment is a conclusive bar to the present action. The statute relating to insolvent estates creates a special tribunal, to receive and examine all claims which may be presented against an estate represented insolvent. It provides that claims may be tried before that tribunal, giving to it the power to administer oaths and summon witnesses, in the same manner, and by the same process, that courts of record do. It also authorizes a proceeding in the nature of an appeal. Any creditor, whose claim is disallowed by the commissioners, may, by taking proper steps, have his claim determined at common law. To this tribunal the plaintiff has submitted his claim, and judgment has been rendered against him. Failing to prosecute his claim at common law, in the mode prescribed by the statute, he has debarred himself of the right to have that judgment revised; and it stands, a judgment against the validity of his claim.

The statute makes the real estate of deceased persons liable for their just debts, in actions to be brought against the heirs at law or devisees of such estate, provided that the personal estate of the testator or intestate be insufficient for the payment of his debts, funeral charges, and the expenses of supporting his family and selling his estate; but this provision cannot be construed to authorize the prosecution of a claim against the heir or devisee, which the creditor has prosecuted and failed to sustain, in an action against the executor or administrator, or in a regular proceeding before commissioners, against an insolvent estate.

The judgment establishes the fact that his claim is invalid

against the estate. It has been judicially determined that the claim here set up is not a just debt of the deceased. The plea therefore must be sustained, and the demurrer thereto overruled.